**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SHEYLA ALESSANDRA SOSA HUANCA,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

No. 5:26-cv-5921-DSR

**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE**

On October 5, 2026, Petitioner Sheyla Alessandra Sosa Huanca, a noncitizen presently detained in the custody of United States Immigration and Customs Enforcement ("ICE"), initiated this case by filing a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). See Doc. No. 1. She challenges her ongoing detention as violative of, inter alia, her right to due process. Id. The Petition names as Respondents the Warden of Adelanto ICE Processing Center, the Field Office Director of the Los Angeles ICE Office, the Director of ICE, the Secretary of the Department of Homeland Security ("DHS"), and the Attorney General, each in his or her official capacities (collectively "Respondents"). Petitioner seeks a Writ ordering her immediate release from Respondents' custody subject to the terms of her prior release, as well as enjoining Respondents from re-detaining Petitioner, absent pre-deprivation notice and a meaningful opportunity to be heard. Id. at prayer, ¶ 15; see Reply (Doc. No. 14) at 27:8-16.

Initially, on October 22, 2026, Petitioner declined to consent under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. See Doc. No. 3. On October 23, 2026, the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order. See Doc. No. 6.

On October 28, 2026, attorney Vanessa Young filed a Notice of Appearance as counsel of record for Petitioner. See Doc. No. 9. On October 29, 2026, Petitioner filed a statement of consent to proceed before a United States Magistrate Judge. See Doc. No. 10. On October 30, 2026, the assigned District Judge approved the parties' consent to a Magistrate Judge. See Doc. Nos. 11, 12.

In the Notice of General Order 26-05, the Court directed Respondents "to show cause why the writ of habeas corpus should not be granted," and set an expedited briefing schedule. See Doc. No. 6 at ECF pp. 1, 5. On October 30, 2026, Respondents filed their Answer to the Petition in which they stated that "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." See Doc. No. 13 at 2. On November 2, 2026, Petitioner filed a Reply Notice of Unopposed Petition and Reply to Respondents' Answer. See Doc. No. 14.

The Court deems Respondents' Answer as consent to the relief requested in the Petition for Writ of Habeas Corpus. The Court therefore finds that Petitioner is presently in the custody of Respondents in violation of the Constitution or laws or treaties of the United States; thus, a Writ of Habeas Corpus should issue pursuant to 28 U.S.C. § 2241 compelling her immediate release.

**IT IS THEREFORE ORDERED** that:

(A) Respondents shall immediately release Petitioner **SHEYLA ALESSANDRA SOSA HUANCA (A-246-264-537)** from immigration custody subject only to the

conditions of release in place at the time of her September 8, 2026, re-detention. Respondents may not impose new conditions of release that Petitioner was not subject to at the time of her re-detention on September 8, 2026 – including by adding new conditions such as electronic monitoring or other alternatives to detention – without affording Petitioner due process. That does not mean that Respondents may never change the conditions of Petitioner's release if circumstances warrant, only that they must comply with due process to do so;

(B) Respondents shall not re-detain Petitioner without first providing Petitioner with notice and a hearing before a neutral decisionmaker to contest the basis for her re-detention;

(C) Respondents shall provide Petitioner with a copy of this Order at or near the time of release;

(D) Within two days of the date of this Order, Respondents shall file with the Court a status report confirming Petitioner's release.

The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

DATED: November 3, 2026

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE